WATKINS, Ex parte. See Case No. 10,902.

WATKINS (CARROLL v.). See Case No. 2,-457.

WATKINS (COX v.). See Case No. 3,307.

WATKINS (UNITED STATES v.). See Cases Nos. 16,649 and 16,650.

---

## Case No. 17,270.

### In re WATROUS et al.

[14 N. B. R. 258; 3 N. Y. Wkly. Dig. 180.] [1]

District Court, E. D. Michigan. May 13, 1876.

BANKRUPTCY—PROOF OF DEBT—EVIDENCE OF AGENT.

Proof of debt may be made by an agent who has had exclusive charge and control of the same, and knows personally all the facts required to be sworn to in proving it, the creditor himself having no personal knowledge of the facts.

[In the matter of Martin Watrous, Albert W. Watrous, and Chauncey L. Watrous, bankrupts.]

The register certified that Mr. John Ward appeared and offered to prove, by his own oath, a secured claim against said estate, in favor of Miss Mary E. Barnard, of Springfield, Vermont. It is not claimed that Miss Barnard is absent from the United States, nor that she is prevented from testifying. The ground on which Mr. Ward rests his competency to prove the claim he states as follows: "That he made a loan of money for the creditor, from which the debt accrued, and took a mortgage from the bankrupt Martin Watrous, to secure the same, and that he has had exclusive charge and control of the debt, and knows personally all the facts required to be sworn to in proving it; and that the creditor has no personal knowledge of the same, and cannot swear to them otherwise than on information and belief." The register declined to take the proof offered, and, on Mr. Ward's request, certified the questions arising thereon into court for determination.

By HOVEY K. CLARKE, Register in Bankruptcy:

The only question in this case, as it appears to me, is whether there be anything in the facts, as presented, which will take it out of the principle approved by this court in Re Whyte [Case No. 17,606]. In that case it was held that the superior knowledge of an agent to his principal, as to facts to be sworn to, was no reason for excusing the principal from making his statement on oath, as required by the bankrupt act [of 1867 (14 Stat. 517)]. The reasons for this are fully stated in the report of that case, and need not here be repeated.

It is insisted, however, that as the statute requires the claimant to testify "of his own knowledge" (section 5078), so, when he lacks the requisite personal knowledge of the facts

to be stated, he is not within the requirement of the statute, and, in that case, he may prove his claim by any one having competent knowledge. But the knowledge here required is not merely that of facts which would sustain an action at common law. The deposition must set forth all the particulars which in Re Whyte [supra], are called "the condition of the claim at the time of proof." Now, it may be true that in this case Mr. Ward's knowledge is superior to that of his client, as to whom the money was loaned, what security was taken for it, and whether any payments have been made to him; but her knowledge is superior to his whether the money loaned was hers, whether any payments have been made to her, and whether she has received any other security.

It is enough to say that the facts do not present a case of entire ignorance of all particulars required to be shown on the part of the principal, and of competent knowledge of all such particulars on the part of the agent. I do not overlook the fact that Mr. Ward states that "he knows personally all the facts required to be sworn to in proving" the claim. I think he must be mistaken in this. He certainly is, unless I am mistaken as to what is necessary to be stated in a proof of debt. "Knowledge" is not an ambiguous term, and when a professional gentleman undertakes to swear to "personal knowledge," it cannot be that he includes in his offer facts that may be known to another person and not to himself. In this case the knowledge of the agent extends only to the loaning of the money, and the security taken for it, and if it were sufficient, as at common law, to prove a prima facie case, to be conclusive unless overcome by a defense, the deposition of the agent would serve that purpose; but it is not. There must be proof of a continuing indebtedness at the date of the bankruptcy, and of its amount then. It is not to be assumed, without proof, that the principal has absolutely surrendered all power over his own property. It may be true that the statement of the principal to the agent that there have been no transactions which affect the claim, would justify an agent in making oath to the necessary facts. But an agent swearing to "hearsay" from his principal, is certainly as objectionable as a principal swearing to hearsay from his agent; and that—statements of principals sworn to on information and belief—I understand to be the objection to such a construction of the statute as will compel principals in all cases to make oath in support of their claims, except in the two cases provided for by the statute. It may be conceded that the facts of this case make it highly probable there is nothing within the knowledge of the principal which will in any way qualify or contradict those which are within the knowledge of the agent. But I do not see upon what principle a distinction can be made which will admit a proof in this case to be made by Mr. Ward, which will not relieve a large

¹ [Reprinted from 14 N. B. R. 258, by permission. 3 N. Y. Wkly. Dig. 180, contains only a partial report.]

class of creditors, as stated in Re Whyte, from the necessity of making oath in person, as required by the statute.

All of which is respectfully submitted.

BROWN, District Judge. By Rev. St. § 5078, proof of debt "shall be made by the claimant testifying of his own knowledge, unless he is absent from the United States, or prevented by some other good cause from testifying, in which case the demand may be verified by the attorney or authorized agent of the claimant, testifying to the best of his knowledge, information, and belief, and setting forth his means of knowledge." General order 34 provides that when the deposition is made by an agent, the reason the deposition is not made by the claimant in person must be stated. The section above referred to evidently contemplates that the claimant in deposing to the debt must testify "of his own knowledge," and, upon general principles of law, the existence of a debt must be proved by some one having personal knowledge of the fact. In this case, as it appears that the creditor has no personal knowledge of the debt in question, the deposition of her attorney would be necessary, at least to supplement her own; but if the creditor is absolutely ignorant of the existence of the debt, and the agent has personal knowledge of all the facts necessary to make proof of it, I see no reason to require the deposition of the principal. Better "cause from testifying," within the language of the section, can hardly be imagined than entire ignorance of the matters required to be sworn to. I assume, in this connection, that the attorney is able to swear to the present existence of the debt, either from recent admissions of the bankrupt, or otherwise, and to negative the idea that payment has been made. I agree with the register, that there must be proof of a continuing indebtedness at the date of the bankruptcy, and of its amount.

It is not perceived that a rule, which will relieve a large class of creditors from the necessity of making oath in person, as required by the statute. is any objection to such ruling, if it conduces to the convenience of business, and does not invite the commission of frauds. By section 5083, "when a claim is presented for proof before the election of an assignee, and the register entertains doubt of its validity. or the right of the creditor to prove it, and is of opinion that such validity or right ought to be investigated by the assignee, he may postpone the proof of the claim until the assignee is chosen." By section 5081, "the court may, on application of the assignee, or of any creditor, or of the bankrupt. or without any application, examine upon oath the bankrupt. or any person tendering. or who has made proof of a claim, * * * and reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake." These provisions are deemed adequate to protect the estate against the proof of fraudulent claims.

The authorities upon this point are not numerous, but I find none which conflicts with the position here taken. In the Case of Whyte [Case No. 17,606], it was held that the fact that the agent was better acquainted with the facts than his principal, did not render his deposition alone admissible as proof. No reason was given in that case for proof of debt by the agent, except the fact that the creditor was absent in the state of Ohio. and the agent had a power of attorney from his principal, authorizing him to transact any business on his behalf. It will readily be seen that the ruling in that case does not control the one at bar, as it appeared that the principal had knowledge of the facts necessary to be set forth in the deposition. In the case of McKinsey v. Harding [Id. 8,866], the assignees moved to strike out certain proofs made by an attorney, because he did not show any reason why the creditor could not have made the deposition in person; that the attorney did not testify to the best of his knowledge, information, or belief, nor did he set forth his means of knowledge as to said claims. The court held that the informality in the proof objected to did not avail, for the reason that the witness had sworn positively of his own knowledge. This case goes much further than we are required to hold in the one under consideration; and I should hesitate to follow it, if the question were directly presented. In the case of In re Barnes [Id. 1,012], the learned judge for the district of Massachusetts, in speaking of causes from testifying, observes: "If an attorney be acquainted with the facts of his own knowledge, it has been held that he may testify without proving the creditor is absent, etc.; but I am speaking of one who proposes to depose only upon information and belief. The law requires the oath of some person having knowledge, and the creditor himself is presumed to have it; and, unless he is absent, or in some way prevented from testifying, no one can do so for him, unless it be a person having actual knowledge."

Under the English bankrupt law (general rule 68), "the affidavit may be made by the principal, or by any agent, or any clerk, or other person in his employment; but if the affidavit is made by an agent or clerk, it shall state that he is authorized by the creditor to make the affidavit, and that it is within his own knowledge that the debt was incurred for the consideration stated, and that to the best of his knowledge and belief the debt still remains unpaid and unsatisfied." Although, of course, this rule has no direct bearing upon the administration of our own bankruptcy system, it may be entitled to some weight in determining the correctness or propriety of a proposed practice. If the register is satisfied from an inspection of the deposition that the agent has personal knowledge of the contracting of the debt, and its continued existence at the date of the bankruptcy proceedings, and

that the creditor has no knowledge of these facts, and can only swear to them on information and belief, and there are no suspicious circumstances connected with the claim. I think he ought to receive and file the deposition.